## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**LINDA GARCIA**                                                          **PLAINTIFF**

**v.**                                              **CAUSE NO. 1:15CV51-LG-RHW**

**FICKLING MANAGEMENT SERVICES, LLC**                    **DEFENDANT**

## MEMORANDUM OPINION AND ORDER DENYING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** is the Motion for Summary Judgment [40] filed by

Fickling Management Services, LLC, in this premises liability lawsuit.  The

plaintiff Linda Garcia has filed a response in opposition to the Motion, and Fickling

has filed a reply.  After reviewing the submissions of the parties, the record in this

matter, and the applicable law, the Court finds that Fickling's Motion should be

denied.

### FACTS

Garcia is a resident of the Palm Isle Apartments, which are managed by

Fickling and are located in Biloxi, Mississippi.  On January 24, 2014, during an ice

storm, Garcia claims that she slipped and fell on ice that had accumulated on the

stairs that provided the only entrance and exit to her apartment.  The accident

occurred at approximately 10:00 p.m., while Garcia was attempting to take her dog

outside for a walk.  She has filed this lawsuit, asserting premises liability and

negligent training and supervision claims against Fickling.

### DISCUSSION

A motion for summary judgment may be filed by any party asserting that

there is no genuine issue of material fact and that the movant is entitled to prevail as a matter of law on any claim.  Fed. R. Civ. P. 56.  The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted.  *Id.* at 324-25.  The non-movant may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

## I. PREMISES LIABILITY

### A.  THE NATURAL CONDITIONS RULE

Under Mississippi law, the owner or operator of a business premises owes an invitee the duty to exercise "reasonable or ordinary care to keep the premises in [a] reasonably safe and suitable condition or of warning the invitee of dangerous conditions not readily apparent which [the] owner knows or should know of in the exercise of reasonable care."  *Mayfield v. The Hairbender*, 903 So. 2d 733, 735-36 (¶11) (Miss. 2005).  The duty to maintain a reasonably safe condition and the duty to warn of hidden dangers are separate duties and each duty supports a claim of negligence.  *Id.* at 738 (¶20).  Thus, no warning is required for open and obvious dangers, but the assertion that a dangerous condition is open and obvious does not eliminate the owner or occupier's duty to maintain the premises in a reasonably

safe condition.  *Id.* at (¶¶ 21, 28).

The Mississippi Supreme Court has provided the following guidelines for determining whether a natural condition, such as the presence of ice, constitutes an open and obvious danger:

> (1) if an invitee is injured by a natural condition on a part of the business that is immediately adjacent to its major entrance and exit, then there is a jury question as to the openness and the obviousness of the danger.  *Goodwin v. Derryberry Co.*, 553 So. 2d 40 (Miss. 1989).
>
> (2) if an invitee is injured by a natural condition in a remote part of the business premises, and the danger was known and appreciated by the injured party, then there is no jury question.  *Lucas v. Buddy Jones Ford Lincoln Mercury, Inc.*, 518 So. 2d 646 (Miss. 1988).
>
> (3) if an invitee is injured by an artificial/man-made condition on an adjacent or internal part of the business premises, then there is a jury question as to the openness and obviousness of the danger.  *Tharp v. Bunger Corp.*, 641 So. 2d 20 (Miss. 1994); *Tate v. Southern Jitney Jungle*, 650 So. 2d 1347 (Miss. 1995); *Baptiste v. Jitney Jungle*, 651 So. 2d 1063 (Miss. 1995); *Downs v. Choo*, 656 So. 2d 84 (Miss. 1995).

*Fulton v. Robinson Indus., Inc.*, 664 So. 2d 170, 176 (Miss. 1995).  In *Fulton*, the plaintiff slipped and fell on ice in the parking lot of a McDonald's restaurant.  *Id.* at 171-72.  The Mississippi Supreme Court held that the owner of the restaurant was entitled to summary judgment because the plaintiff was injured by a natural condition in a remote part of the premises and he appreciated the danger caused by the natural condition.  *Id.* at 175.  The court reasoned:

> [W]hen dealing with potentially dangerous natural conditions, this Court chooses to look at the natural condition in terms of what the customer can normally encounter or expect, coupled with an examination of whether the condition is unusual or usual in order to determine whether a jury question exists.  In that light, it can still be

> said that because it was the winter season, McDonald's parking lot
> was covered with snow, sleet, slush, and ice, a normal and usual
> condition which Fulton can expect to encounter.  Thus, there is no jury
> question because there is an absence of any negligence by [the property
> owner].

*Id.*  The court further explained that the restaurant owner could not "anticipate from which direction a customer will be coming on the parking lot," and the court refused to require the owner to clear the entire parking lot.  *Id.*

In the present case, it is undisputed that Garcia was an invitee and that the ice was a natural condition that was not caused by any affirmative act on the part of Fickling.  However, the parties dispute whether the ice was in a "remote part" of the apartment complex or "immediately adjacent to its major entrance and exit." *See Fulton*, 664 So. 2d at 176.   Fickling claims that, pursuant to the *Fulton* decision, it was only required to keep the immediate vicinity of its leasing office clear of ice.  It has produced testimony that Garcia's apartment was located approximately 422 feet from its leasing office and that the apartment complex consists of eighteen apartment buildings and a total of seventy-two stairwells. Furthermore, Garcia's accident occurred while the leasing office was closed and no employees were on site.  Fickling argues that it would be unreasonable to require it to keep the entire apartment complex clear of ice, particularly during non-business hours.  On the other hand, Garcia argues that Fickling had a duty to keep her stairwell free of ice, because it was the only entrance and exit to her apartment. Thus, she claims it was a "major entrance and exit" under the *Fulton* decision.

The manner in which the Mississippi courts would construe the present case

-4-

is unclear, because the *Fulton* decision, all of the cases cited in *Fulton*, and all of the *Fulton* progeny have pertained to business establishments such as grocery stores, casinos, car dealerships, and restaurants.  The Mississippi courts have not addressed how the natural conditions rule should be applied to residential facilities, such as apartment complexes.  Nevertheless, the crux of the *Fulton* decision is the reasonable expectations of the invitee and the property owner or manager.  *Fulton*, 664 So. 2d at 174-75.  All of the cases decided by the Mississippi Supreme Court and the Mississippi Court of Appeals that have upheld a grant of summary judgment in favor of the business pertained to a parking lot.  *See, e.g., Blanton v. Gardner's Supermarket, Inc.*, 45 So. 3d 1223, 1230 (¶30) (Miss. Ct. App. 2010) (summary judgment granted where patron slipped and fell on snow and ice in grocery store parking lot); *Lawrence v. Wright*, 922 So. 2d 1, 4 (¶18) (Miss. Ct. App. 2004) (summary judgment proper where invitee slipped and fell on ice in grocery store parking lot).  In the cases that concerned entrances, exits, and stairwells, the Mississippi courts denied summary judgment.  *See Kroger Co. v. Scott*, 809 So. 2d 679, 684 (¶9) (Miss. Ct. App. 2001) (summary judgment denied as to rainwater in grocery store entryway); *Breland v. Gulfside Casino P'ship*, 736 So. 2d 446, 449 (¶ 22) (Miss. Ct. App. 1999) (jury question existed as to openness and obviousness of danger presented by rain on outdoor casino stairwell).

   In *Fulton*, the court explained that it is "reasonable to expect that a business would maintain its immediate surroundings, especially where it is usual for

business invitee traffic to occur," and particularly where the invitee is required to travel in a certain direction or take a specific route. *Fulton*, 664 So. 2d at 174. It weighed heavily with the court that a business cannot anticipate which route an invitee will travel in its parking lot, and it is not reasonable to expect a business to clear its entire parking lot. *Id.*

Fickling argues that *Lucas v. Buddy Jones Ford Lincoln Mercury, Inc.*, 518 So. 2d 646 (Miss. 1988), supports its argument that it was not required to clear ice from Garcia's stairwell, because Fickling claims that the plaintiff in *Lucas* was utilizing one of the car dealership's many entrances when she fell. However, the plaintiff in *Lucas* was actually traveling across a freight ramp, not using a major entrance, when she slipped and fell. *Lucas*, 518 So. 2d at 647. Furthermore, the *Fulton* court provided the following analysis of the *Lucas* decision:

> The trial court granted summary judgment for the defendant, and this Court affirmed, stating that even if Lucas were an invitee, the defendant still "would have only owed her the duty of exercising reasonable care to keep the premises safe, . . . and the ice which caused Lucas to fall was in no way hidden or concealed." [*Lucas*, 518 So. 2d at 647.] Stated in the alternative, this statement means that a business does not need to clear off any fallen snow in its parking lot well away from the immediate surrounding entrance or exit of the physical building to be exercising reasonable care.

*Fulton*, 664 So. 2d at 173. Thus, the *Lucas* decision does not support Fickling's argument.

"[J]ust how open and obvious a condition may have been is a question for the jury, in all except the clearest of cases." *Id.* at 176. In the present case, Garcia and

other upstairs tenants were required to utilize the stairwell in order to enter or exit their apartments.  Therefore, Fickling knew that the stairwells would be utilized by its tenants, including Garcia.  This Court finds that a genuine issue of material fact exists regarding whether the ice on the stairwell was an open and obvious condition.  Since the open and obvious nature of the ice is in question, a genuine issue of material fact exists as to whether Fickling had a duty to warn Garcia of the danger and there is contradictory testimony in the record as to whether Fickling warned its tenants about the ice.  As a result, Fickling's Motion for Summary Judgment must be denied.

### B. FICKLING'S ALTERNATIVE PREMISES LIABILITY ARGUMENTS

Fickling also argues that it is entitled to summary judgment, because it did not create the condition that caused Garcia to fall and that it had no duty to warn Garcia because it had no actual or constructive knowledge of the icy conditions. Fickling further asserts that it would be unreasonable to require it to clear all seventy-two tenant stairwells during ice storms.

As explained previously, the duty to keep the premises in a reasonably safe condition and the duty to warn invitees are separate duties that can each support a claim of negligence.  *Mayfield*, 903 So. 2d at 738 (¶20).  Fickling's argument that it had no duty to warn Garcia of the danger because it had no actual or constructive knowledge of the ice is not supported by the record.  Fickling's employees have provided testimony concerning their efforts to winterize empty apartments and

even their attempt to purchase materials necessary to remove ice.

Furthermore, the fact that the ice was not caused by any act on the part of Fickling is insufficient to warrant a grant of summary judgment. Fickling had a duty to maintain its premises in a reasonably safe condition. *See Maddox v. Townsend & Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011) ("While a premises owner is not an insurer of the safety of invitees, the premises owner does have a duty of reasonable care, to maintain its premises in a reasonably safe condition."); *see also Fulton*, 664 So. 2d at 175 (discussing circumstances in which injuries caused by naturally-occurring ice can lead to potential liability). Finally, the question of whether it would be unreasonable to expect Fickling to clear all seventy-two stairwells should be decided by a jury. As a result, Fickling's alternative summary judgment arguments are without merit.

## II.  NEGLIGENT TRAINING AND SUPERVISION

"A claim of negligent training or supervision is simply a negligence claim, requiring a showing of duty, breach, causation, and damages." *Cameron v. Werner Enters., Inc.*, No. 2:13cv243-KS-JCG, 2015 WL 4393068, at *2 (S.D. Miss. July 15, 2015) (citing *Roman Catholic Diocese of Jackson v. Morrison*, 905 So. 2d 1213, 1229 (¶45) (Miss. 2005)). Fickling argues that it provided all of its properties with "winter weather preparations/procedures" prior to the 2014 winter season, and the implementation of these procedures was the responsibility of each property's manager. (Def.'s Mot., Ex. C at 3, ECF No. 40-3). Fickling also argues that winter

weather preparation is rarely necessary on the Mississippi Gulf Coast and thus, additional training and procedures are unnecessary.

As explained previously, Fickling had a duty to keep the apartment complex in a reasonably safe condition.  Furthermore, it had a duty to train and supervise its employees.  Although Fickling implemented policies for handling winter weather, a fact question exists as to whether Fickling adequately trained and supervised its employees to follow those policies.  Therefore, Fickling is not entitled to summary judgment as to Garcia's negligent training and supervision claim.

## CONCLUSION

For the foregoing reasons, the Court finds that Fickling's Motion for Summary Judgment should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Summary Judgment [40] filed by Fickling Management Services, LLC, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 3rd day of March, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE